JAMES N. PAPPAS AND PETER J. TUTULIS, RESPONDENTS, v. BROAD AND EAST JERSEY REALTY COMPANY, APPELLANT.

Submitted February 11, 1927—Decided May 16, 1927.

This was an ejectment suit begun in the Supreme Court. The case was tried before the Hon. Alfred A. Stein, judge of the Court of Common Pleas of the county of Union, to whom, by consent, the cause was referred for trial under the provisions of the statute, and without a jury.   Judge Stein rendered the following opinion:

"The bill of complaint filed by David D. Vincent, a stockholder, in the United States District Court for the Southern District of New York, against the National Drug Stores Corporation, the lessee, alleged that the corporation was solvent, but that suits were threatened against it in various jurisdictions which might result in the sale of the corporation's property at much less than the fair value thereof, and to protect stockholders he sought the intervention of the equity powers of the court, by the appointment of a custodial receiver. The company appeared, admitted the statements contained in the bill, and consented to the receivership. George W. Burleigh was appointed ancillary receiver of the corporation for the district of New Jersey.

"On January 30th, 1925, the United States District Court of New Jersey, on the petition of the receiver, made an order that the receiver be authorized to accept an offer of the Broad and East Jersey Realty Company to purchase the lease in question, and that he sell and assign the same for the sum of $6,000, and in pursuance thereof the receiver executed an assignment of the lease to it.

"The sole question now is whether in the face of the covenant contained in the lease, namely, 'And it is further agreed between the parties hereto that the party of the second part will not assign this lease without the written consent of the party of the first part, its successors or assigns, under penalty of forfeiture and damages,' the assignment by the receiver was a breach of the covenant against the assignment thereof, and whether it was such a breach as would entitle the owners of the demised premises, Pappas and Tutulis, to declare the lease at an end and demand possession of the demised premises.

"The application for a receiver in this instance was made by a stockholder, and consented to by the corporation in order to protect its assets, and was in the nature of an application for a custodial receiver, directed to the equity side of the court.

"The plaintiff's insistment is that the covenant against assignment was breached when the receiver assigned the lease

to the defendant without having obtained the consent of the parties. The defendant's contention is that the covenant was not breached because it prohibits only a voluntary assignment and that the assignment by the equity receiver was not a voluntary assignment, and bases his contention upon the decisions with relation to statutory receivers, which are to the effect that such assignments are by act and operation of law, rather than the act of the parties, and therefore no breach of the covenant. He relies, for support in his contention, chiefly on such cases as *Fleming* v. *Fleming Hotel Company,* 69 *N. J. Eq.* 715, which was the case of a statutory trustee in bankruptcy, *Gazely* v. *Williams,* 219 *U. S.* 41, a statutory assignee in insolvency. *Bemis* v. *Wilder,* 100 *Mass.* 446.

"It is well settled that in the case of a receiver where the petitioner is insolvent, or of a trustee for a bankrupt that the title to the property of the insolvent or bankrupt passes to the receiver, and that, in such cases, the sale by the receiver of leasehold property, even in the face of a restrictive covenant such as we find here, would not be in violation of the covenant, since it would be an assignment by act and operation of law.

"If this were the case of a receiver in insolvency, or that of a trustee in bankruptcy, title would undoubtedly pass by operation of law, for in such cases the receiver would take the title. For, as was held by the Supreme Court of the United States, in the case of Gazely *v.* Williams, that which follows in the case of bankruptcy is not by the act of the bankrupt, but by operation of law, transferring the bankrupt's property to the assignee. But in this case, which is purely an equity receivership, the receiver was a mere custodian and, therefore, could not dispose of this lease in the face of the covenant contained therein or give a greater title than the corporation itself possessed; but could only convey such right, title, and interest as the corporation had in the *res* itself. Moreover, it appears that the plaintiffs were not parties to the federal proceedings in which the order to sell the lease was made, and it seems to me that the court was without power to make an order which would conclude their rights.

"The proceeding in which the receiver was appointed was not one in the interest of creditors, as is the case in statutory receiverships in insolvency and trustees in bankruptcy, but one where the corporation alleged that it had sufficient money to pay its debts, but that its property was subject to execution and would be dissipated, and perhaps creditors would not be paid, and stockholders would suffer; whereas, if it were given time and could do its business under the protection of the court, its debts could be paid and its property handed back to its stockholders. If, under such circumstances, it could go into a court to obtain a moratorium, as it were, and then dispose of its property without regard to restrictive covenants, such as contained in this lease, and later have its property turned back to its stockholders free and discharged of the covenant, and thus receive the benefit of the breach thereof, it would open the door to much fraud and wrongdoing.

"It seems to me that in this case the court, in effect, substituted itself, through the appointment of its receiver as its agent, for the officers and managers of the corporation. It did not take the property of the company for distribution among its creditors, as in the case of receiverships in insolvency and trustees in bankruptcy, and that therefore the rights of the receiver rose no higher than the rights of the corporation itself, and so, what the corporation could not do with its property, the court, through its receiver, could not do. Thence, I have come to the conclusion that the receiver could not transfer or assign this lease without breaching the covenant therein contained against the assignment thereof; and that the rule of law laid down in the case of statutory receivers and trustees in bankruptcy does not apply.

"Plaintiffs are entitled to possession of the demised premises and for mesne profits and damages; the amount of such mesne profits and damages to be fixed by a jury upon a writ of inquiry.

"In arriving at the foregoing conclusions, the facts set forth in the stipulation under 'I' were not considered by me."

For the appellant, *Leber & Ruback*.

For the respondents, *Merritt Lane*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion by Judge Stein in the Circuit Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.